UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Carruth                                           Civil Action No. 6:15-cv-02598

versus                                            Magistrate Judge Carol B. Whitehurst

Michot, et al                                     By Consent of the Parties

**ORDER**

The matter before the Court is a Motion For Judgment On The Pleadings, Or Alternatively For Patrial Summary Judgment, filed by Defendants, Louis Michot and Andre Michot ("Michots") [Rec. Doc. 90], Plaintiff, Cavan Carruth's ("Carruth"), Response in Opposition to Defendants' Motion [Rec. Doc. 92] and the Michots' Reply thereto [Rec, Doc. 98].

*Background*

This suit involves a dispute between the members of the musical group Lost Bayou Ramblers, LLC (now known as LBRO, LLC) and its related company, OTUT, LLC. Plaintiff's complaint contains claims for breach of contract, breach of fiduciary duty, conversion, unjust enrichment, misappropriation of company assets, an accounting of assets, and for a judicial declaration of the parties' intellectual property rights in the name Lost Bayou Ramblers and sound recordings and musical compositions created over a 12-year period. *R. 76, Counts III–VIII*. Plaintiff alleges that the purpose of the Louisiana LLCs has been frustrated and it is impractical and

impossible for the LLCs to continue operating. He further claims that a judicial dissolution and winding-up of the affairs of the LLCs must be performed. *R. 76, Count IX*.

## Legal Analysis

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

A court considering a motion to dismiss is limited to a consideration of the matters contained in the pleadings. *Kane v. Enterprises v. MacGregor, Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). The court must determine whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate only "if it appears that no relief could be granted under any set of facts that could be proven consistent with

the allegations." *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

In seeking dissolution of the LLCs, the Michots admit that their purpose has been frustrated and it is not reasonably practicable for the companies to continue. *R. 90-2, 90-3.* They represent that Lost Bayou Ramblers LLC has non-monetary assets including CDs, albums and various other merchandise and OTUT LLC has publishing rights of all original songs written and released on recordings by members of the Lost Bayou Ramblers. The Michots contend dissolution of the LLCs, particularly OTUT, would allow the individual song writers to have "the right and ability to assign their publishing rights to entities of their choosing." They request an order requiring that all cash and other funds held by Lost Bayou Ramblers LLC and OTUT LLC be deposited into the registry of the Court and "to the extent monies may continue to be received for the publishing rights" those funds should also be placed into the registry of the court. *R. 90.*

Carruth argues that dissolution of the LLCs is premature because the rightful ownership of the assets in question is wholly unresolved. He contends that "critical fact issues regarding identity and ownership of assets must be resolved prior to any transfer of assets into the registry of the Court , or winding up of the LLCs." *R. 98.* In his Second Amended Complaint, Carruth alleges that the Michots "co-mingled Lost Bayou Ramblers income and LLC income with personal income, misappropriated

funds for their own benefit, and have generally failed to pay over to Plaintiff monies due and owning to him." *R. 76, Count X.* Carruth moves for an accounting from all Defendants and return of all misappropriated assets. *Id.*

Here, the ownership of the assets in question, including the publishing rights, is one of the ultimate issues in this case. Neither party provides any authority in support of or against dissolving the LLCs before distribution of the assets under Rule 12(c) or Rule 56.[1] Given the complexity of the issues and the current state of the arguments and record, the Court finds it would be premature to dissolve the LLCs. The Court is concerned that such a ruling would prohibit or interfere with analysis of the remaining issues in this case, in particular distribution of the assets.

Accordingly,

**IT IS ORDERED** that the Motion For Judgment On The Pleadings, Or Alternatively For Patrial Summary Judgment [Rec. Doc. 90] is **DENIED**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 16th day of June, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also finds that a motion for summary judgment under Rule 56 is premature as the discovery deadline is October 17, 2016 and the dispositive motion deadline is November 15, 2016. *R. 73.*